C. C. GREENE & BROTHER *vs.* ISAAC AUSTIN.

10 311
11 426

A court before which an action is pending in which service of process has been made on the defendant personally upon a writ of summons and attachment, under chap. 860 of the Statutes, or in which the defendant has appeared without such service and pleaded to the merits, will not pass upon the validity of a service by foreign attachment in the same case, inasmuch as the judgment must be the same whether the attachment be valid or invalid.

ASSUMPSIT to recover the sum of ninety-three dollars and forty-two cents alleged to be due the plaintiffs from the defendant on book account. The case was heard upon the exceptions of the plaintiffs to the rulings of the Court of Common Pleas, and the motion of the defendant to dismiss the plaintiffs' bill of exceptions, all of which are stated in the opinion of the court.

*D. B. Potter*, for the plaintiffs, contended, 1st. That the defendant's motion was in the nature of a plea in abatement, citing Drake on Attachment, §§ 104 and 107 ; 2d. That the motion must be resorted to *in limine*, citing Drake on Attachment, § 117, and *Barry* v. *Foyles*, 1 Pet. 311 ; 3d. That the motion came too late after pleading the general issue, a plea in bar being a waiver of all prior pleas, citing Stephens on Pleading, 430 ; *Bingham* v. *Clark*, 20 Pick. 43 ; *Gardiner* v. *James*, 5 R. I. 242 ; *Potter* v. *Smith*, 7 R. I. 55 ; *Cooke* v. *Second Universalist Society*, 7 R. I. 17.

*Parkhurst*, for the defendant, cited Drake on Attachment, §§ 98, 99, 100, 101, 106, 108, 112, and cases cited.

DURFEE, J. This is an action of assumpsit, in which the writ was served personally upon the defendant, and also in foreign attachment upon the city of Providence. The city of Providence appeared and made affidavit disclosing an indebtment to the defendant, but afterwards on the trial of the cause, in the Court of Common Pleas, moved for the dismissal of the attachment, upon the ground that the affidavit on the back of the writ was not in due form according to the statute to authorize such an attachment. The court sustained the motion, and entered an order dismissing the attachment, but at the same time gave the plaintiffs judgment on their claim. The plaintiffs thereupon excepted to the ruling in the matter of said order, and now bring the case

before us and ask for its reversal. But the defendant moves that the bill of exceptions be dismissed as being improperly brought, upon the ground that the order was extra-judicial, and does not and cannot injuriously affect the plaintiffs on the judgment which they have recovered. The motion raises the question whether it is within the province of the court to pass upon the validity of a service by foreign attachment in a case pending before it, in which the defendant has been personally served, or has appeared without such service and pleaded to the merits. It is plain that, in a case where the only service on the defendant is a service by foreign attachment, the court must pass upon the question unless the defendant has appeared without personal service, for in such a case if the attachment be invalid, there is nothing to give the court jurisdiction. But where the defendant has been personally served, or without such service has appeared and pleaded to the merits, the court has jurisdiction independently of the foreign attachment, and any inquiry into the validity of that attachment is entirely collateral and unnecessary, inasmuch as the judgment must be the same whether the attachment be valid or invalid. And this holds not only with regard to the judgment, but also with regard to the execution thereon, for the execution runs against the defendant, and not against the garnishee or the specific property attached in his hands. If the plaintiff would enforce the judgment against the garnishee, he must, in case the garnishee does not voluntarily pay the judgment or surrender the property, proceed, under the statute, by an action of the case, in which the garnishee's liability may be contested and determined. In such an action the decision in the principal case would not bind the garnishee; for the garnishee as such under our statute is not a party to the principal case, and therefore it follows, we think, that any decision in the principal case in regard to the liability of the garnishee, which is not necessary in order to determine the right of the court to render judgment against the defendant in that case, is extra-judicial, and as such a mere nullity. Now a bill of exceptions may be a proper remedy in the case of an extra-judicial decision, which can be put in force against the party excepting. But this decision is not of that character. It has no effect in the case in connection with which it was made, and it can have none, except as an expression

of opinion in any future case. It was, though entered on the records of the court, a mere *obiter dictum.* If erroneous, it needs no remedy, for it does no harm; and therefore we think the bill of exceptions should be dismissed in compliance with the defendant's motion. *Exceptions dismissed.*